***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

District of Rhode Island

**Notice of Electronic Filing**

The following transaction was entered on 12/29/2014 at 2:36 PM EST and filed on 12/29/2014

**Case Name:** Mansa v. Murphy et al
**Case Number:** 1:14-cv-00479-M-PAS
**Filer:**
**Document Number:** No document attached

**Docket Text:**
TEXT ORDER: Defendants' [12] and [13] Motions to Dismiss are GRANTED IN PART AND DENIED IN PART. In light of the BOP decision from the Central Office Administrative Appeal (BP-11) granting Mr. Mansa's appeal, the injunctive relief sought by Mr. Mansa is moot. Furthermore, this Court lacks subject matter jurisdiction to consider any further injunctive relief sought by Mr. Mansa because, in essence, he seeks modification of his original sentence imposed in the U.S. District Court for the District of Connecticut. Therefore the motions are granted as to those claims. However, the case remains open at this time to allow Mr. Mansa to file a petition pursuant to the Equal Access to Justice Act for an award of costs and attorneys' fees. - So Ordered by Judge John J. McConnell, Jr. on 12/29/14. (Barletta, Barbara)

**1:14-cv-00479-M-PAS Notice has been electronically mailed to:**

Bethany N. Wong    bethany.wong@usdoj.gov, kimberly.dejoseph@usdoj.gov, nancy.a.diquinzio@usdoj.gov, richard.myrus@usdoj.gov

Jeffrey K. Techentin    jtechentin@apslaw.com, kmooney@apslaw.com

Leslie D. Parker    lparker@apslaw.com, afontaine@apslaw.com

Richard R. Beretta, Jr    rberetta@apslaw.com, szimmerman@apslaw.com

Robert L. Lombardo    robert@lombardolegal.com

Todd Bussert    tab@frostbussert.com

**1:14-cv-00479-M-PAS Notice has been delivered by other means to:**

**Administrative Remedy No. 787778-A1**
**Part B - Response**

*[handwritten annotation with arrow: "Incorrect Date"]*

You appeal the June 19, 2012, Center Discipline Committee (CDC) hearing decision and June 24, 2012, Discipline Hearing Officer (DHO) certification, where you were found to have committed the prohibited act of Use of Drugs, Code 112, Incident Report No. 2597485. You contend the urine sample you provided produced a false positive for Morphine as a result of you ingesting poppy seeds. You argue you "belatedly" realized you were violating Residential Reentry Center (RRC) rules by ingesting poppy seeds and a subsequent hair test did not indicate the presence of Morphine Metabolite. For this reason, you feel the offense charge should be reduced to a Code 309, your good conduct time should be restored and you should be transferred back to the RRC with RDAP and 3621(e) reinstatement. You also claim you were never provided with a DHO hearing or report in violation of Bureau policy.

During our review of your appeal, this office was advised that further review of this disciplinary action was conducted. As a result of the review, it was determined the initial Code 112 charge will be reduced to a Code 309. In addition, your sanctions will be adjusted accordingly. Your issues concerning RDAP participation and subsequent 3621(e) release must be addressed with RRC staff. Based on the above, your appeal is partially granted.

In regards to your issue of not receiving a DHO report, you received an in-person hearing with the CDC and made a statement. The CDC hearing paperwork was forwarded to the DHO for review and certification pursuant to policy. The DHO completed his review and certified the CDC hearing. You received a copy of the CDC report advising you of the decision and sanctions imposed at that time. You are not entitled to an in-person DHO hearing or a separate DHO report.

_____                    _____
Date                                        Acting Administrator
                                            National Inmate Appeals

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARK MANSA, Reg. No. 20377-014<br>Donald W. Wyatt Detention Center<br>Central Falls, RI | : | **CIVIL ACTION NO.** |
| Petitioner, | : | 1:14-cv-00479-M-PAS |
| v. | : | |
| BRIAN MURPPHY, WARDEN<br>Donald W. Wyatt Detention Center<br>Central Falls, RI; | :<br>: | December 19, 2014 |
| CHAD FULTZ,<br>RESIDENTIAL REENTRY MANAGER,<br>BOP Northeast Regional Office<br>Philadelphia | :<br>:<br>: | |
| and | : | |
| ERIC ANDERSON,<br>REGIONAL TDAT COORDINATOR,<br>BOP Northeast Regional Office<br>Philadelphia, PA; | :<br>:<br>: | |
| Respondents. | : | |

## RESPONSE TO RESPONDENTS' MOTION(S) TO DISMISS

On November 3, 2014, Mark Mansa filed a petition for writ of habeas corpus. Doc. 1. On December 12, Respondents Eric Andersen and Chad Fultz moved to dismiss Mr. Mansa's petition as moot. Doc. 12. Respondent Brian Murphy joined in that request. Doc. 13. Whereas relief remains available and appropriate under the Court's broad habeas powers, this brief response and request for additional relief is offered.

## ARGUMENT

At issue through the instant petition is a June 12, 2014 incident report issued to Mark Mansa that resulted in Mr. Mansa being removed from the final phase of RDAP (*a.k.a.*, TDAT); transferred from a halfway house to the Donald W. Wyatt Detention Center; and losing both 41 days' Good Time Credit (GTC) and a one-year sentence reduction credit under 18 U.S.C. § 3621(e). Whereas Mr. Mansa announced his consumption of poppy seeds well before the incident report was issued, reviewing authorities at both the local (halfway house) and regional levels maintained that he had committed a 100-series rules violation. It was not until the Central Office responded to Mr. Mansa's last administrative appeal, on December 3, 2014 (69 days after the appeal was filed and one month after the instant suit was initiated), that the Bureau of Prisons and Respondents reversed course.

Although the BOP and Respondents appear to exercise care not expressly acknowledge it, Mr. Mansa appreciates that they have (implicitly) conceded the error of finding he committed a Code 112 violation, as opposed to a Code 309 violation. Mr. Mansa also appreciates the prompt remedial action that has been taken place since the response to the Central Office administrative remedy appeal was issued. As the Respondents attest, he was returned to the halfway house, on December 10; his 41 days' GTC has been restored; and his projected release date has been modified, to February 11, 2015. Doc. 12 at 3-4. Respectfully, however, this is not the end of the discussion. Mr. Mansa's prayer for habeas relief is not moot.

Unanswered in either the response to the Central Office appeal or Motion to Dismiss is question of why the BOP elected to modify the original and subsequently affirmed Code 112 violation, reducing it to a Code 309 violation. To be clear, Mr. Mansa agrees wholeheartedly with the decision, which is based on unspecified "further review of this disciplinary action."

2

Doc. 12-1 at 2. But, leaving aside the propriety of the BOP's cutoff for morphine (*see* Doc. 1-1 at 24) relative to other prevailing federal standards (*id.* at 45), there remains the issue of whether Mr. Mansa's urine sample tested positive above the 300 ng/mL threshold, so as to support a Code 112 violation finding and the ensuing hardships forced upon Mr. Mansa.

The June 12 incident report alleges that the urine sample "returned [...] positive for Morphine." Doc. 1-1 at 4. The Center (halfway house) Disciplinary Committee found that Mr. Mansa "produced urine which contained **traces** of morphine." Doc. 1-1 at 28 (emphasis added) (cited at Doc. 12 at 2). Referencing "[t]he record," the Region submitted that Mr. Mansa's "sample was initially screened and tested positive for morphine with a cut-off of 300 ng/mL). A **confirmation test was administered at the sample again tested positive with a cut-off of 200 ng/mL**." Doc. 1-1 at 42 (emphasis added).[1,2] Neither the response to the Central Office appeal or the Motion to Dismiss speaks to the issue.

It remains the case that Mr. Mansa has never been provided a copy of the underlying laboratory report from Alere Toxicology Services. *But see* Doc. 1 ¶61 (citing BOP policy that requires disclosure of lab report in conjunction with incident report, "ma[king it] part of the disciplinary record"). Regardless, consistent with his discussions with a lab representative (Doc. 1 ¶25) and with what the BOP Regional Director reported with respect to the more definite confirmation test (*ante*), Mr. Mansa maintains that the urine sample he submitted did not meet or exceed the 300 ng/mL threshold. Accordingly, the sample could not be properly deemed

---

[1] On information and belief, the Region's response was drafted by an attorney(s) working under the direction of Northeast Regional Counsel Michael Tafelski, the declarant in Doc. 12-2.

[2] Where Mr. Mansa submitted that he was entitled to a DHO hearing and report and where the Region averred that he "will receive another copy of the [DHO] Report," the Central Office responded that he is not entitled to either a DHO hearing or report. *Compare* Doc. 1-1 at 33, 43 and 44 (citing BOP regulations and policy) *with* Doc. 12-1 at 2 (without citation).

3

"positive" or used to support a Code 112 violation allegation or finding. *See* Doc. 1 ¶¶25, 31. More specifically, the record establishes that BOP took adverse action against Mr. Mansa in violation of its rules, policies and procedures, as well as in violation of his constitutional rights. *See, e.g.*, Doc. 1 ¶¶60-61.

The impact of the erroneous Code 112 violation finding is obvious:

- Rather than being transferred to home confinement on June 15, 2014, as scheduled, Mr. Mansa was held at the halfway house until he was transferred to Wyatt, on July 15. And despite having been returned to the halfway house nine days ago he still awaits transfer to home confinement;

- Mr. Mansa was housed at a secure, pre-trial holding facility (*see, e.g.*, Doc. 1-1 at 31) for 149 days, from July 15 until December 10; and

- Mr. Mansa's projected release date was pushed back 103 days, from November 1, 2014 to February 11, 2015. Indeed, as of this writing, Mr. Mansa has been in BOP custody 49 days beyond his previously scheduled release date (and counting).

Respondents are correct that the Central Office's response to the last administrative remedy appeal mooted out part of Mr. Mansa's prayer for relief. *Compare* Doc. 1 at 20, sub-a with Doc. 12 at 5-6. However, Mr. Mansa also requested, *inter alia*, discovery and "relief pursuant to 28 U.S.C. § 2243 as law and justice require, including his costs and reasonable attorneys' fees under the Equal Access to Justice Act." Doc. 1 at 20.

The law recognizes that § 2243 "does not limit the relief that may be granted to discharge from physical custody." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968). "The history of federal habeas corpus practice indicates that a court has broad discretion in conditioning a judgment

granting habeas relief[.]" *Hilton v. Braunskill*, 481 U.S. 770, 770 (1987). "Habeas relief has never been static, narrow, or formalistic; 'its scope has grown to achieve its grand purpose—the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty.' *Jones v. Cunningham*, 371 U.S. 236, 243 ( ) (1963)." *Defontes v. Rathman*, 2010 WL 3894045, at *2 (S.D. Fla. Sept. 30, 2010)

Relative to a fair and equitable disposition of the instant petition, we would note that *Defontes* (*see* Doc. 1 ¶60) involved facts similar to the instant case. Specifically, the BOP removed the petitioner from final phase of RDAP (she was on home confinement, pre-release placement under 18 U.S.C. § 3624(c)(2)) and placed her in custody "after allegedly failing a drug test." *Defontes v. Rathman*, at *1. Not until Ms. Defontes's attorney "through a subpoena, obtained a copy of the drug test results from the laboratory" was learned that "the amount of opiates in the lab results was *below* the Bureau of Prisons' regulatory cut-offs. In other words, the test should not have registered as a 'positive.'" *Id.* (emphasis in original).

Having concluded that the BOP/Respondents committed "blatant Constitutional violations," the Court ordered Ms. Defontes released from BOP custody and placed "under the care and supervision of U.S. Probation." *Id.*; *see id.* 2 ("Respondents had wrongfully arrested Ms. Defontes, wrongfully removed her from home confinement, and wrongfully imprisoned her for two months at FDC–Miami (including seventeen days in solitary confinement)—all based on the Respondents' failure to follow their own regulations regarding the threshold level of positive drug test results."); *see also* Ex. 15 (Order). In denying the Respondents' motion for reconsideration, the Defontes court observed: "[I]f not for the efforts of her attorney, the Bureau of Prisons would have wrongfully deprived her of her earned good-time credits and would have

wrongfully detained her beyond the time when she rightfully should have been released[.... S]he would most likely still be wrongfully incarcerated." *Id.* *4.

Mr. Mansa respectfully submits the record in this case supports relief similar to that in *Defontes*. Specifically, he respectfully asks the Court (a) order him forthwith released from BOP custody and placed on supervised release under the authority and control of the U.S. Probation Office and (b) order the Respondents, in particular Respondents Fultz and Andersen, to pay his reasonable attorney's fees.

Respectfully submitted,

BY:   /s/ Todd Bussert
      Todd A. Bussert, Appearing *Pro Hac Vice*
      FROST BUSSERT LLC
      129 Church Street, Suite 226
      New Haven, CT 06510
      (203) 495-9790; Fax: (203) 495-9795
      tab@frostbussert.com

### CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                /s/ Todd Bussert
                Todd A. Bussert

July 2, 2014

Mark Mansa
markmansa@comcast.net

**RE: Retention for Services**

Dear Mark:

In the interest of time, please allow this letter to serve as our agreement that you will retain the Justice Advocacy Group LLC to provide you with professional services. Upon our retention, it is understood that we will be primarily advising you and attempting to resolve favorably a disciplinary matter related to your pre-release, reentry processing by the federal Bureau of Prisons (BOP). Our primary goal is to avoid your termination from RDAP aftercare. This will entail immediate contact with BOP officials tasked with making the determination of whether you violated your RDAP contract. If we fail to persuade them not to violate you, we will assist with all related administrative remedy appeals, your re-designation to Lewisburg, and if necessary your re-application to return to community confinement.

In this case I have agreed to a one-time, fixed fee of $2,500. We do not bill for expenses except direct travel costs if incurred. We will undertake only work authorized by you.

**Please forward us a check (via Federal Express to insure prompt delivery) in the amount of $2,500 made payable to the "Justice Advocacy Group LLC.' If you wish to send the fee via a wire transfer or make a direct deposit, I am attaching our firm's banking information to the email that will deliver this agreement.**

Thank you for your interest in my services; I am looking forward to assisting you during this difficult period.

Sincerely,

*Joel A. Sickler*

Joel A. Sickler, Criminologist
*Justice Advocacy Group*

# Frost Bussert LLC
129 Church Street
Suite 226
New Haven, CT 06510

Ph:(203) 495-9790     Fax:(203) 495-9795

Kathleen Jowdy                                        December 31, 2014
28 Hidden Brook Trail                                 Inv #:        844
Bethel, CT 06801                                      File #:   14-0058


**RE:**     M Mansa


## FOR PROFESSIONAL SERVICES RENDERED

| | | |
|---|---|---|
| Nov -03-14 | TAB | Make service copies (discounted) |
| Nov -04-14 | TAB | Mail service copies (discounted) |
|            | TAB | Call w/ local counsel (no charge) |
|            | TAB | Respond to K Jowdy email |
| Nov -07-14 | TAB | Apply for CM/ECF password |
| Nov -10-14 | TAB | Draft/file cert. of service of court order |
| Nov -12-14 | TAB | Meeting with client |
| Nov -26-14 | TAB | Respond to K. Jowdy emails; call w/ Central Office |

| Date | | Description |
|---|---|---|
| Dec -02-14 | TAB | Calls w/ AUSA, K. Jowdy |
| Dec -03-14 | TAB | Emails w/ AUSA; return AUSA call; review K. Jowdy text; research |
| | TAB | Request legal call (no charge) |
| Dec -04-14 | TAB | Respond to AUSA email |
| Dec -05-14 | TAB | Call w/ client |
| Dec -09-14 | TAB | Emails |
| Dec -12-14 | TAB | Call w/ client |
| | TAB | Email BOP counsel |
| Dec -18-14 | TAB | Research/draft response to motion to dismiss |
| Dec -19-14 | TAB | Research/draft/edit response to motion to dismiss |
| Dec -30-14 | TAB | Email K. Jowdy (no charge) |
| | TAB | Call from client (discounted) |

Total Fees                                                                $1,452.00

##### ----- Summary of Fees -----

| Partner | Initials | Rate | Hours | Amount |
|---|---|---|---|---|
| Todd A. Bussert | TAB | $250.00 | 7.20 | $1,452.00 |

| | | | | |
|---|---|---|---|---|
| Nov-04-14 | Postage-Service copies | | 24.57 | |
| | Totals | | $24.57 | $0.00 |
| | TOTAL FEES, DISBURSEMENTS | | | $1,476.57 |
| | Previous Balance | | | $6,275.00 |
| | Payments Received Since Last Invoice | | | $6,275.00 |
| | **BALANCE DUE NOW** | | | **$1,476.57** |

## TRUST STATEMENT

|  | Disbursements | Receipts |
|---|---|---|
| Trust Balance Forward |  | 7,445.00 |
| Nov-04-14 Paid To: Frost Bussert LLC For Services Rendered | 6,275.00 |  |
| Total Trust | $6,275.00 | $7,445.00 |
| **Trust Balance** |  | **$1,170.00** |

**Frost Bussert LLC**
129 Church Street
Suite 226
New Haven, CT 06510

Ph:(203) 495-9790      Fax:(203) 495-9795

Kathleen Jowdy                                                    November 4, 2014
28 Hidden Brook Trail                                             Inv #:        794
Bethel, CT 06801                                                  File #:    14-0058


**RE:**   M Mansa


### FOR PROFESSIONAL SERVICES RENDERED

| Date | | Description |
|---|---|---|
| Sep -16-14 | TAB | Telephone call with J. Sickler |
| Sep -17-14 | TAB | Review materials; call w/ employer, w/ J Sickler, to Corporate Health; research draft BP-11 |
| Sep -22-14 | TAB | Meeting with client |
| Sep -23-14 | TAB | Revise BP-11 |
| Sep -24-14 | TAB | Respond to K Jowdy email |
|            | TAB | Draft Sickler affidavit; revise/edit BP-11 |
| Sep -25-14 | TAB | Revise/finalize BP-11, exhibits; emails w/ JAG, K Jowdy; call to/from Corporate Health Care, with K Jowdy, with JAG |
| Sep -26-14 | TAB | Respond to K Jowdy email |

| Date | Initials | Description |
|---|---|---|
| Sep -29-14 | TAB | Review correspondence (no charge) |
| Oct -06-14 | TAB | Respond to K. Jowdy emails (discounted) |
| | TAB | Call w/ J Feldman; email K Jowdy (no charge) |
| Oct -24-14 | TAB | Research/draft 2241 motion |
| Oct -27-14 | TAB | Research/draft 2241 motion |
| Oct -28-14 | TAB | Draft/edit 2241 motion; compile exhibits; prepare PHV application; emails w/ JF; call w/ KJ (discounted) |
| Oct -29-14 | TAB | Research/edit motion; emails w/ JF, KJ (no charge) |
| Oct -31-14 | TAB | Finalize motion and remainder of submissions; calls/emails w/ local counsel; return K Jowdy call |

Total Fees                                                                                  $6,275.00

----- **Summary of Fees** -----

| Partner | Initials | Rate | Hours | Amount |
|---|---|---|---|---|
| Todd A. Bussert | TAB | $250.00 | 28.30 | $6,275.00 |

| | |
|---|---|
| TOTAL FEES, DISBURSEMENTS | $6,275.00 |
| Previous Balance | $0.00 |
| Payments Received Since Last Invoice | $0.00 |
| **BALANCE DUE NOW** | **$6,275.00** |

## TRUST STATEMENT

|  |  | Disbursements | Receipts |
|---|---|---:|---:|
| Sep-16-14 | Received From: Martha Mansa Retainer |  | 7,500.00 |
| Oct-31-14 | Paid To: Clerk, US District Court Mansa-2241 filing fee | 5.00 |  |
|  | Paid To: Clerk, US District Court Mansa-T Bussert PHV fee | 50.00 |  |
|  | Total Trust | $55.00 | $7,500.00 |
|  | **Trust Balance** |  | **$7,445.00** |

**James H. Feldman, Jr., Attorney**
50 Rittenhouse Place
Ardmore, PA 19003-
Tel: 610-649-8200 Fax: 610-649-836_
jfeldman@jameshfeldman.com
www.jameshfeldman.com

## Invoice

Mark Mansa
c/o Martha Mansa
60 Lawrence Ave
Danbury, CT 068195181

**Invoice Date:** Oct 31, 2014
**Invoice Num:** 1043
**Billing From:** Jan 01, 1900
**Billing To:** Jan 01, 2099

**Local counsel for Mark Mansa case** (MansaM-Local Counsel:Mark) - Managed by (JF)

### Professional Services

| Date | Employee | Description | Hours | Rate | Amo |
|---|---|---|---|---|---|
| 10/29/2014 | JF | Review habeas petition and PHV, sign, and email, emails with Todd B. | 1.00 | $250.00 | $25 |

**Total Service Amount:** $25
**Retainer Applied:** ($25(
**Amount Due This Invoice:** $

*This invoice is due upon re(*

### Account Summary

| Services BTD | Expenses BTD | Last Inv Num | Last Inv Date | Last Inv Amt | Last Pay Amt | Prev Unpaid Ar |
|---|---|---|---|---|---|---|
| $250.00 | $0.00 | — | — | $0.00 | $0.00 | $0.00 |

**Total Amount Due Including This Invoice:** $

# Robert L. Lombardo
Attorney At Law
12 High Street
Westerly, RI 02891
401.596.0422
Robert@LombardoLegal.com

January 13, 2015

Ms. Kathleen Jowdy
28 Hidden Brook Trail
Bethel, CT 06801
203.512.5053
kikisix@aol.com

In re: Mansa v. Murphy et al.

## INVOICE

| Date | Description | Hours |
|---|---|---|
| 10/31/14 | e-mail and tel. conf. with TAB; e-mail and tel. conf. with KJ; e-mail to/from JHF; review pro hac vice rules | 1.0 |
| 11/03/14 | e-mail to/from JHF; e-mail to/from KJ; e-mail to /from TAB; CMECF e-mail; draft entry of appearance; review and sign motion for pro hac vice; civil cover sheet; review petition for writ and exhibits; hand file Petition and motion in USDC/RI | 3.0 |
| 11/04/14 | e-mail to/from KJ; E-mail to /from TAB; CMECF e-mails; review orders of court | 0.4 |
| 11/10/14 | CMECF e-mail; certificate of service | 0.1 |
| 12/03/14 | CMECF e-mail in re notice of appearances and motions for extensions of time | 0.2 |
| 12/04/14 | CMECF e-mail; text orders granting motions for extensions of time | 0.1 |
| 12/12/14 | CMECF e-mail; motions to dismiss as moot | 0.2 |
| 12/19/14 | CMECF e-mail; response to motions to dismiss as moot | 0.2 |
| 12/23/14 | CMECF e-mail response in support of motion to dismiss as moot | 0.2 |
| 12/29/14 | CMECF e-mail; response in support of motion to dismiss as moot; text order | 0.1 |

Total hours: 5.5
Hourly Rate: $200.00
Total Invoice: $1100.00
Paid 11/03: $750.00
**Total Due:** **$350.00**

Please make check payable to Robert L. Lombardo and mail to 12 High Street, Westerly, RI 02891